**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002407
19-AUG-2014
08:15 AM**

NO. CAAP-13-0002407

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

QUEEN EMMA LAND COMPANY, a Hawai'i non-profit corporation,
Plaintiff-Appellee,
v.
AMAZONIA FOREST CORP., a Hawai'i corporation dba
GO NUTS HAWAII, and AUGUSTO C. OLIVEIRA,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL CASE NO. 1RC13-1-1676)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendants-Appellants Amazonia Forest Corporation, a Hawai'i corporation, dba Go Nuts Hawaii (**Amazonia**) and Augusto C. Oliveira (**Oliveira**) (together, **Appellants**), appeal from the

1) July 25, 2013 Judgment and Notice of Entry of Judgment or Order[1] (**Judgment**);

2) June 28, 2013 Order Denying Defendants Amazonia Forest Corp. and Augusto C. Oliveira's Motion to (1) Set Aside Default Judgment; and (2) For Leave to File Answer and Counterclaim, Filed on May 22, 2013[2]; and

3) April 3, 2013 Judgment for Possession[3] all entered in the District Court of the First Circuit (**district court**).

---

[1] The Honorable Gerald H. Kibe presided.

[2] The Honorable Hilary Benson Gangnes presided.

[3] The Honorable Michael K. Tanigawa presided.

On appeal, Appellants contend the district court erred by:

(1) ordering default against them on April 1, 2013 and April 3, 2013;

(2) denying their motion to set aside default and for leave to file counterclaims; and

(3) failing to set a trial and/or hearing on the issue of damages and instead issuing the Judgment against them.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Appellants' appeal lacks merit.

Appellants contend the district court abused its discretion by entering default against them because Appellants were unable to attend the April 1, 2013 hearing and had limited knowledge of the complaint filed by Plaintiff-Appellee Queen Emma Land Company (**Queen Emma**) at the time default was entered. Appellants identify the general policy that "defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief [from default], so that, in the interests of justice, there can be a full trial on the merits." Rearden Family Trust v. Wisenbaker, 101 Hawaiʻi 237, 254, 65 P.3d 1029, 1046 (2003) (citations and internal quotation marks omitted).

Entry of default and default judgment are authorized under District Court Rules of Civil Procedure (**DCRCP**) Rule 55(a), which provides:

> **Rule 55.    DEFAULT.**
>
> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter that party's default.

The district court entered default against Appellants after they failed to appear at the April 1, 2013 hearing. Oliveira's spouse and Amazonia's co-owner Katia Oliveira (**Katia**), testified that Appellants were aware of Queen Emma's complaint

and the proceedings. Even considering a policy disfavoring default, the district court's entry of default did not constitute an abuse of its discretion under these facts.

Appellants contend the district court erred by denying their motion to set aside default. Under DCRCP Rule 55(c):

> Rule 55. DEFAULT
>
> . . . .
>
> **(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
>
> When a motion to set aside either an entry of default or a judgment by default is denied, the court in denying the motion may award to the non-defaulting party those reasonable attorney's fees incurred to defend the motion.

Generally, courts grant a motion to set aside entry of default upon finding: "(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976).

The district court denied Appellants' May 22, 2013 motion to set aside default without making any specific finding regarding prejudice to Queen Emma. The district court rejected Appellants' arguments that a meritorious defense had been stated on the record and that their absence from Hawai'i and lack of knowledge of Queen Emma's complaint constituted "excusable neglect."

Appellants contend they provided a meritorious defense against Queen Emma's allegations that Appellants failed to pay rent for March 2013, provide sales reports, obtain insurance, or provide a State of Hawai'i Department of Land and Natural Resources (**DLNR**) issued registration certification (a requirement of the parties' lease agreement). At a hearing held June 10, 2013, Appellants argued to the district court that they had: submitted proof of the required insurance to Queen Emma; been hindered in their ability to obtain DLNR registration for their business due to Queen Emma's failure to cooperate in their application; and provided required sales reports.

3

However, Appellants did not submit written evidence of insurance coverage, DLNR registration, or sales reports and rather "attached declarations basically attesting to the fact [of their insurance;]" and did not have the documents at the hearing because Oliveira runs many business and his busy schedule made it difficult to find all necessary documentation. Queen Emma's counsel acknowledged to the district court that Appellants paid their March 2013 rent after the filing of the amended complaint. The record does not reflect the existence of a meritorious defense.

Appellants contend the district court erred by finding they had engaged in inexcusable neglect because the record established Appellants had been "out of the country and it took some time to secure counsel[.]" Appellants cite no authority for their contention that absence from the jurisdiction, or delay afforded to secure counsel, would constitute excusable neglect. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (requiring appellants to provide arguments "with citations to the authorities, statutes, and parts of the record relied on.").

"Generally, the failure to answer a complaint or to obtain a court order extending the time to answer is inexcusable neglect." Poqia v. Ramos, 10 Haw. App. 411, 417, 876 P.2d 1342, 1346 (1994). The district court could reasonably have found that evidence of prior notices that Queen Emma would assert its rights under the lease and the termination of their lease on February 28, 2013 rendered inexcusable Appellants' neglect of responding to complaints regarding their obligations to pay rent, provide proof of insurance, or vacate the subject property prior to Appellants' departure to Brazil on March 3, 2013.

Appellants contend the district court abused its discretion by entering default judgment without providing Appellants an opportunity to go forward with a trial on the merits of their claims and then again on the issue of damages. Appellants provide no authority to support this contention and DCRCP Rule 55(b) specifically authorized the district court to enter default judgment, inclusive of a monetary award:

4

Rule 55. DEFAULT.

. . . .

(b) Judgment. Judgment by default may be entered as follows:

(1) BY THE CLERK. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon a verified complaint, subsequent verification, or affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if the defendant is not an infant or incompetent person.

. . . .

(2) BY THE COURT. In all other cases the party entitled to a judgment by default shall apply to the court therefor. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper.

District court rules plainly provide that default judgment may be entered for a "sum certain" where a defendant has defaulted. Id.

Therefore,

IT IS HEREBY ORDERED that the

1) July 25, 2013 Judgment and Notice of Entry of Judgment or Order;

2) June 28, 2013 Order Denying Defendants Amazonia Forest Corp. and Augusto C. Oliveira's Motion to (1) Set Aside Default Judgment; and (2) For Leave to File Answer and Counterclaim, Filed on May 22, 2013; and

3) April 3, 2013 Judgment for Possession all entered in the District Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, August 19, 2014.

On the briefs:

Anthony "T.J." Quan
for Defendants/Appellants.

John B. Shimizu
Robert G. Campbell
(Van Buren Campbell & Shimizu)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5